UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-23569-CIV-KING

GEORGE GIOURGAS, JR. and JADE
GIOURGAS,

       Plaintiffs,

vs.

WELLS FARGO BANK, N.A., WELLS
FARGO HOME MORTGAGE, INC., and
FEDERAL HOME LOAN MORTGAGE
CORPORATION,

       Defendants.
_____/

## FINAL ORDER OF DISMISSAL

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss Plaintiffs' Amended Complaint and to Strike Plaintiffs' Jury Trial Demand (the "Motion") (DE 19), filed December 15, 2014.[1]

## BACKGROUND[2]

In June of 2002, George and Jade Giourgas obtained a mortgage loan and bought a single family home, located at 17881 SW 91 Ave., Miami, FL 33157 (the "Property"). In February of 2009, George Giourgas was laid off and, as a result, Plaintiffs became delinquent on their home mortgage loan. In March of 2012, Wells Fargo Bank, N.A.

---

[1] The Court has additionally considered Plaintiffs' Response in Opposition to the Motion (DE 27), as well as Defendants' Reply in Support of the Motion (DE 32).

[2] The facts recited herein are alleged in the First Amended Complaint (the "Complaint") (DE 14), which the Court accepts as true for the purposes of Defendants' Motion.

("Wells Fargo Bank") filed suit against Plaintiff to foreclose a first mortgage lien on the the Property. In May of 2012, George Giourgas had a heart attack. On January 22, 2013, a Final Judgment of Foreclosure (the "Final Judgment") in the amount of $252,985.29 was entered in favor of Wells Fargo Bank in the Foreclosure Action.

Thereafter, Wells Fargo Bank and Wells Fargo Home Mortgage, Inc. (together, "Wells Fargo") notified Plaintiffs of the availability of a loan modification procedure through which Plaintiffs might be able to become current on their mortgage and avoid the foreclosure sale of their home. On December 17, 2013, Wells Fargo advised Plaintiffs that, although they did not meet the eligibility criteria under the government's Home Affordable Modification Program, they could be eligible for a modification offered by the Federal Home Loan Mortgage Corporation ("Freddie Mac"), but would first have to enter into a Trial Period Plan ("TPP").

Wells Fargo mailed Plaintiffs an agreement containing the terms of the TPP, which states, *inter alia*:

> Wells Fargo Home Mortgage wants to continue to work with you to modify your mortgage and help make your payments more affordable . . . This modification is designed for borrowers, like you, who for some reason did not meet all the eligibility criteria for a permanent modification under the government's Home Affordable Modification Program (HAMP), or were unable to successfully make payments under a HAMP modification or another modification.
>
> . . .
>
> To accept this offer please call me at the phone number listed below no later than 14 calendar days from the date listed at the top of this letter or send in your first montly trial period payment instead of your normal monthly mortgage payment.

2

> You must make new montly "trial period payments" in place of your normal monthly mortgage payment. Send your montly trial period payments — instead of your normal monthly payments — as follows:
> 
>     1st payment: 2,079.57 by February 1, 2014
>     2nd payment: 2,079.57 by March 1, 2014
>     3rd payment: $2,079.57 by April 1, 2014
>
> . . .
>
> The trial payment amounts set forth above include principal, interest, and escrow amounts. After all trial period payments are timely made, your mortgage will be permanently modified.

After calling Wells Fargo to accept the above offer to enter into a TPP, Plaintiffs made equal payments of $2,079.57 on the first of the month for the months of February, March, and April of 2014, in keeping with the terms of the TPP. Ultimately, Wells Fargo denied Plaintiffs' request for loan modification "because there were title issues with the [P]roperty which prevent[ed] Wells Fargo from permanently modifying the loan."[3] Wells Fargo's position was that Plaintiffs' request for modification had to be denied because another lienholder refused to subordinate its lien to any amount in excess of the original principal amount of $218,000. Plaintiffs were advised their request for loan modification was denied on July 10, 2014.

On August 27, 2014, Plaintiffs commenced the instant action against Wells Fargo and Freddie Mac in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-

---

[3] The agreement, which is attached to the Complaint as Exhibit A, also states, in pertinent part: "[W]e may need to receive a subordination agreement from [] other lenders so that we can maintain our lien position; or if you have a judgment placed on your property you may be required to pay off the lien. If you fail to provide a subordination agreement from another lender or fail to pay off a judgment lien as required, **your modification may be denied even if you pay the trial period payments**." (emphasis supplied). Plaintiffs failed to quote this portion of the agreement in the Complaint.

3

Dade County, Florida. Wells Fargo and Freddie Mac removed the action to this Court on September 27, 2013.

The Complaint asserts fifteen counts, as follows: application for temporary restraining order, or, in the alternative, preliminary injunction (Count I); breach of contract (Count II); declaratory relief under § 86.011, Fla. Stat. (Count III); breach of covenant of good faith and fair dealing (Count IV); fraud in the inducement (Count V); fraudulent misrepresentation (Count VI); negligent misrepresentation (Count VII); violation of the Florida Consumer Collection Practices Act (Count VIII); violation of the Florida Deceptive and Unfair Trade Practices Act (Count IX); negligent hiring, supervision, training, or retention (Count X); negligence (Count XI); tortious interference with a contractual relationship (Count XII); intentional infliction of emotional distress (Count XIII); civil conspiracy (Count XIV); and violation of the Real Estate Settlement Procedure Act.

## LEGAL STANDARD ON MOTION TO DISMISS

Defendant's Motion to Dismiss alleges that the Complaint fails federal pleading standards and should be dismissed, under Rule 12 of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12. Rule 8 requires that a complaint include a "short and plain statement" demonstrating that the claimant is entitled to relief. Fed R. Civ. P. 8. To survive a Rule 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). As a corollary, allegations absent supporting facts are not entitled to this presumption of veracity. *Id.* at 681.

When evaluating a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Id.* at 664. However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663. And, the Court's duty to accept the factual allegations in the complaint as true does not require it to ignore specific factual details "in favor of general or conclusory allegations." *Griffin Indus., Inc. v. Irvin,* 496 F.3d 1189, 1205-06 (11th Cir. 2007). The Court must dismiss a complaint that does not present a plausible claim demonstrating entitlement to relief.

## DISCUSSION

The various counts alleged in the Complaint seek several forms of relief: Plaintiffs ask this Court to enjoin the foreclosure sale of their home pursuant to the Final Judgment entered in the Foreclosure Action; Plaintiffs seek damages for breach of contract, breach of the covenant of good faith and fair dealing, fraud in the inducement, fraudulent misrepresentation, negligent misrepresentation, violation of the Florida Consumer Collection Practice Act, violation of the Florida Deceptive and Unfair Trade Practices Act, and violation of the Real Estate Settlement Procedure Act relating to Defendants' denial of the loan modification after Plaintiffs made several payments under the TPP, or in the alternative, that the Court order specific performance and direct Defendants to modify Plaintiffs' loan; in the same vein, Plaintiffs seek a declaration that Plaintiffs have

5

a right to a loan modification under the terms of the TPP; and, finally, Plaintiffs seek damages for alleged tortious conduct, including intentional infliction of emotional distress for servicing Plaintiffs loans "in a manner that caused emotionally [sic] distress," tortious interference with a contractual relationship by Wells Fargo for denying Plaintiffs' permanent loan modification, negligence for violating a duty of care in the handling of Plaintiffs' loan modification application, and negligent hiring, supervision, training, or retention by Freddie Mac for "negligently or wantonly or recklessly hir[ing], train[ing], supervis[ing], or retain[ing] . . . Wells Fargo."

In the Motion, Defendants assert that the Complaint simply seeks to overturn the Final Judgment in the Foreclosure Action, and therefore moves to dismiss the Complaint in its entirety, based upon lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine and the Anti-Injunction Act, *res judicata*, and failure to state a claim upon which relief can be granted.

The *Rooker-Feldman* doctrine bars claims brought by losing parties to state court cases that are "inextricably intertwined" with the state court judgment. *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). Claims are "inextricably intertwined" when success of the claim in federal court would "effectively nullify" the state court judgment, or when the federal claim would success only to the extent that the state court wrongly decided the issues. *Id.* Similarly, the Anti-Injunction Act provides bars this Court from granting an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, and also bars this Court from enjoining the parties from

enforcing the results of a completed state court proceeding. *See* 28 U.S.C. § 2283; *see also Atl. Coast Line. R. Co. v. Bhd. Of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970).

The Complaint unquestionably seeks to invalidate and overturn the Final Judgment in the Foreclosure Action, which this Court is without jurisdiction to accomplish. All of the claims raised in the instant case are either inextricably intertwined with the Final Judgment in the Foreclosure Action or are common law causes of action brought in the wrong forum.

## CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED** and **DECREED** that WELLS FARGO BANK, N.A. and FEDERAL HOME LOAN MORTGAGE CORPORATION's Motion to Dismiss **(DE 19)** be, and the same are, hereby **GRANTED**, and the First Amended Complaint **(DE 14)** be, and the same is, hereby **DISMISSED WITH PREJUDICE**. All pending motions are **DENIED AS MOOT** and the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida this 11th day of September, 2015.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**Cc: All Counsel of Record**