UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14 CV 23569

GEORGE GIOURGAS, JR. and JADE
GIOURGAS and others similarly
situated,

      Plaintiffs,

vs.

WELLS FARGO BANK, N.A., et al.

      Defendants.

_____/

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION AND TO ALTER OR AMEND FINAL ORDER OF DISMISSAL PURSUANT TO FED. R. CIV. P. 59

## INTRODUCTION

On September 11, 2015, the Court issued a Final Order of Dismissal ("Order") dismissing with prejudice Plaintiffs' Complaint. (DE 33) Plaintiffs, George Giourgas, Jr. and Jade Giourgas ("Giourgas") respectfully request that this Court reconsider its Order (1) dismissing with prejudice because of the *Rooker-Feldman* and (2) overlooking the fact that Plaintiffs *did* provide Wells Fargo with the requested subordination agreement.  Plaintiffs alleged Suntrust Bank agreed to subordinate its junior lien interest to the full amount of the permanent loan modification.  [DE 14, ¶115]

CASE NO.: 14 CV 23569

Plaintiffs originally brought their complaint in state court. Wells Fargo removed the action to this federal court under 28 U.S.C. 1331 and 28 U.S.C. 1332. The Court mistakenly perceived that "[t]he Complaint unquestionably seeks to invalidate and overturn the Final Judgment in the Foreclosure Action, which this Court is without jurisdiction to accomplish." [DE 33]

However, federal law is clear that when a case is removed from state court, the federal court should remand, if the court does not have jurisdiction because of *Rooker-Feldman*. Pullins v. Hagins, 2015 U.S. Dist. LEXIS 35820, 15 (M.D. Fla. Feb. 18, 2015) ("In a case removed from state court, if the federal district court does not have jurisdiction over a claim because of *Rooker-Feldman*, it should remand it while deciding remaining federal ones" citing Bergquist v. Mann Bracken, LLP, 592 F.3d 816, 819-20 (7th Cir. 2010)); also see Arthur v. JP Morgan Chase Bank, NA, 569 Fed. Appx. 669, 677 (11th Cir. 2015) ("*Rooker-Feldman* doctrine does not destroy subject matter jurisdiction over a case; it may only affect one claim within the case. 28 U.S.C.S. § 1447(c)").

Even so, lack of subject matter jurisdiction over claims precludes a judgment on the merits, and the Order of dismissal for lack of subject-matter jurisdiction should have been without prejudice. Arthur, 569 Fed. Appx. 669 at 677, citing Crotwell v. Hockman-Lewis Ltd., 734 F.2d 767, 769 (11th Cir. 1984).

Therefore, Plaintiffs now respectfully move to correct and amend the Order. By finding that this Court lacks subject matter jurisdiction over Plaintiffs' claim under the *Rooker-Feldman* doctrine, the Court should at least remand the case to the Eleventh Judicial Circuit, Miami-Dade County, State of Florida.

## LEGAL STANDARD AND ARGUMENT

### Standard for Relief under Rule 59(e)

A motion to reconsider under Rule 59(e) should be granted to correct a clear error of law or fact. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact.") (quotations and citations omitted).  Unlike Rule 60, Rule 59(e) does not set forth any specific grounds for relief, and the district court has considerable discretion in whether to reconsider an issue. ).  Am. Home Assur. Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir. 1985).; Williams v. Cruise Ships Catering & Serv. Int'l, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004).  A district court abuses its discretion when a "relevant factor deserving a significant weight is overlooked, when an improper factor deserving of significant weight is overlooked, or when the court considers the appropriate mix of factors, but commits a palpable error of judgment in calibrating the decisional

scales." *See* <u>Williams</u>, 320 F. Supp. 2d 1347, 1357-58 *(*citing <u>United States v.</u>
<u>Hastings</u>, 847 F.2d 920, 924 (1st Cir. 1992)).

## I. THE COURT OVERLOOKED THE SALIENT FACT THAT THE REQUESTED SUBORDINATION AGREEMENT WAS IN FACT ENTERED INTO.

In its Order, the Court correctly acknowledges that "Wells Fargo Bank and
Wells Fargo Home Mortgage, Inc. (together, "Wells Fargo") notified Plaintiffs of
the availability of a loan modification procedure through which Plaintiffs might be
able to become current on their mortgage and avoid the foreclosure sale of their
home." The Court also observed in footnote 3 that the agreement, attached to the
Complaint as Exhibit A, states "If you fail to provide a subordination agreement
from another lender or fail to pay off a judgment lien as required, your
modification may be denied even if you pay the trial period payments."

The Order found that "Plaintiffs' request for modification had to be denied
because another lienholder refused to subordinate its lien to any amount in excess
of the original principal amount of $218,000.00."[3] [DE 33]  The Court, however,

_____

[3] The facts giving rise to this lawsuit are sharply disputed by the parties.
Under Fed. R. Civ. P. 12(b)(6), the rendition of the facts must be resolved in the
light most favorable to the Plaintiffs, the non-moving party.  However, the Court
overlooked material facts pled by Plaintiffs.  In addition, the Court considered
matters outside of the pleadings when ruling on Defendants' motion to dismiss –
such as Defendants alleged reason for denying the loan modification.  The motion
to dismiss was therefore *de facto* converted to a motion for summary judgment

overlooked the fact that Plaintiffs provided Wells Fargo the requested subordination agreement. [DE 14, ¶113] Attached and marked as **Exhibit "A"**. Plaintiffs alleged that Suntrust Bank agreed to subordinate its junior lien interest to the full amount of the permanent loan modification. [DE 14, ¶115]

This case is similar to Wigod v. Wells Fargo Bank, NA, 673 F.3d 547 (7th Cir. 2012), Young v. Wells Fargo Bank, NA, 717 F.3d 224 (1st Cir. 2013), Corvello v. Wells Fargo Bank, NA, 728 F.3d 878 (9th Cir. 2013); Neil v. Wells Fargo Bank, NA, 2014 U.S. App. LEXIS 24566 (4th Cir. 2014) where federal appellate courts upheld, in the Trial Period Plan context, plausible claims for breach of contract, promissory estoppel, fraudulent misrepresentation or concealment and violation of the Unfair and Deceptive Trade Practices against Wells Fargo. [DE 14, ¶89-121]

Therefore, in its Order, the Court did not properly consider the fact that Wells Fargo's refusal to accept the subordination agreement, which Wells Fargo requested and received directly from the lienholder (Suntrust Bank) forms the basis

---

under Fed. R. Civ. P. 56. The Eleventh Circuit of Appeals has held "[w]here a district court converts a motion to dismiss into a motion for summary judgment, the court must provide all parties with a reasonable opportunity to present all material that is pertinent to the decision of whether summary judgment is appropriate." Horne v. Potter, 392 Fed. Appx. 800, 802 (11th Cir. 2010). Plaintiffs were not provided an opportunity to engage in discovery or to present evidence pertinent to the finding that the junior lienholder refused to subordinate its lien to any amount in excess of the original principal amount of $218,000.00.

of Plaintiffs' claims for monetary damages arising from Defendants breach of contract, promissory estoppel, fraudulent misrepresentation or concealment and violation of the Unfair and Deceptive Trade Practices.   [DE 14, ¶100-121] Plaintiffs seek damages for injuries caused by Defendants' post-foreclosure actions, not injuries arising from the foreclosure judgment. <u>Arthur v. JP Morgan Chase Bank, NA</u>, 569 Fed. Appx. 669, 675-76 (11th Cir. 2015) ("The *Rooker-Feldman* doctrine does not bar a challenge to a foreclosure when the damages an appellant requests are for injuries caused by banks' actions, not injuries arising from the foreclosure judgment").

## II. IN A CASE REMOVED FROM STATE COURT, THE FEDERAL COURT SHOULD REMAND, IF THE COURT DOES NOT HAVE JURISDICTION BECAUSE OF *ROOKER-FELDMAN*.

The Court held, "[t]he Complaint unquestionably seeks to invalidate and overturn the Final Judgment in the Foreclosure Action, which this Court is without jurisdiction to accomplish.  All of the claims raised in the instant case are either inextricably intertwined with the Final Judgment in the Foreclosure Action or are common law causes of action brought in the wrong forum." [DE 33]

Plaintiffs do not seek to have the state court judgment declared null and void.  All the events alleged in Plaintiffs' Complaint (new contract, fraud, etc.) arose long after the state court judgment.  The judgment was entered on January

22, 2013.  The controversy underlying Plaintiffs' claims occurred on or after December 17, 2013.  Plaintiffs seek monetary damages for tortious conduct, and Real Estate Settlement Procedure Act, 12 U.S.C. § 2605 ("RESPA") violation, occurring long after the state court judgment.

Plaintiffs vigorously disagree with the Court's perception that they are challenging the state court judgment.  However, in a case removed from state court, the federal court should remand, if the court does not have jurisdiction over claims because of *Rooker-Feldman*.  Pullins v. Hagins, 2015 U.S. Dist. LEXIS 35820, 15 (M.D. Fla. Feb. 18, 2015) ("In a case removed from state court, if the federal district court does not have jurisdiction over a claim because of *Rooker-Feldman*, it should remand it while deciding remaining federal ones" citing Bergquist v. Mann Bracken, LLP, 592 F.3d 816, 819-20 (7th Cir. 2010)).  Also, the Eleventh Circuit Court of Appeal has recently held in a banking case that *Rooker-Feldman* doctrine does not destroy subject matter jurisdiction over a case, it may only affect one claim within the case.  Arthur v. JP Morgan Chase Bank, NA, 569 Fed. Appx. 669, 677 (11th Cir. 2015).  Therefore, even if the Court finds that the common law claims are inextricably intertwined with the Final Judgment in the Foreclosure Action, the RESPA claim should not be affected.

Likewise, 28 U.S.C. § 1447(c) requires a court to remand a removed case "if at any time before final judgment it appears that the district court lacks subject-matter jurisdiction".[6]  The foregoing avoids the gamesmanship of removing a state action to federal court and then moving to dismiss because of lack of subject matter jurisdiction.  Such actions would rob Plaintiffs of their due process rights and remedy to redress alleged injuries.

## CONCLUSION

The Order is predicated on a number of legal and factual errors, and should be reconsidered.  If the Court decides not to disturb the application of the *Rocker Feldman* doctrine to this matter, the Court should remand the above-captioned case to the Eleventh Judicial Circuit, Miami-Dade County, State of Florida, rather than dismissing the matter with prejudice.  Further, the *Rooker-Feldman* doctrine is jurisdictional, not on the merits, and thus the dismissal should be without prejudice.

For the foregoing reasons, the Giourgas respectfully requests that the Court grant the motion for reconsideration, vacate its prior Order, and either re-open the

---

[6] 28 U.S.C. § 1447(c) in relevant part states: A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). **If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.** (emphasis added).

case as pending or remand the above-captioned case to the Eleventh Judicial Circuit, Miami-Dade County, State of Florida.

Dated this 18th day of September, 2015.

> By: /s/ *Pablo Gonzalez Zepeda*      .
> Pablo Gonzalez Zepeda, Esq.
> Florida Bar No.: 58692
> LAW OFFICE OF GONZALEZ ZEPEDA
> Park Place of Kendall
> 13386 SW 128th Street
> Miami, Florida 33186
> Telephone: (305) 251-5885
> Fax: (305) 251-5886
> E-Mail: service@gzattorneys.com

## CERTIFICATE OF GOOD FAITH CONFERENCE

**I HEREBY CERTIFY THAT** on September 18, 2015, I attempted to confer with Kristin Gore, Esq., counsel for Defendants, on the issues raised in this Motion for Reconsideration. Ms. Gore will be unavailable until Monday, September 21, 2015.

## CERTIFICATE OF SERVICE

WE CERTIFY that on September 18, 2015, a true and correct copy of the foregoing was filed with this Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, via transmission of Notice of Electronic Filing generated by CM/ECF.

CASE NO.: 14 CV 23569

By: /s/ *Pablo Gonzalez Zepeda* .
Pablo Gonzalez Zepeda, Esq.
Florida Bar No.: 58692
LAW OFFICE OF GONZALEZ ZEPEDA
Park Place of Kendall
13386 SW 128th Street
Miami, Florida 33186
Telephone: (305) 251-5885
Fax: (305) 251-5886
E-Mail: service@gzattorneys.com

**CASE NO.: 14 CV 23569**

## <u>SERVICE LIST</u>

**Kristin Gore, Esq.**
Carlton Fields, P.A.
Miami Tower – Suite 4200
100 SE Second Street
Miami, Florida 33131
Fax: (305) 530-0055
Email: <u>kgore@cfjblaw.com</u>

Prepared By:  SunTrust Bank
When Recorded Return To:
SunTrust Banks, Inc
Mail Code TN-Nashville-8105
41 Rachel Dr
Nashville, TN 37214

## SUBORDINATION AGREEMENT

THIS SUBORDINATION AGREEMENT is given this 22nd day of May, 2014, by SunTrust Bank ("SunTrust") in favor of Wells Fargo Bank.

WHEREAS, SunTrust is the owner and holder of that certain promissory note or line of credit agreement dated July 20, 2006 (the "Agreement"), given by one or more borrowers as described in the Agreement ("Borrower", whether one or more); and

WHEREAS, GEORGE S GIOURGAS JR AND JADE A GIOURGAS, HUSBAND AND WIFE ("Owner" whether one or more) is the owner of certain real property located in Miami-Dade County, State of Florida ("the Property"), more fully described as:

*See attached Schedule/Exhibit "A" for full Legal Description*

AND WHEREAS, in order to secure repayment of the obligations incurred by Borrower under the Agreement, and any and all renewals, extensions, substitutions, and modifications thereof, the Owner granted a Deed to Secure Debt, Deed of Trust or Mortgage of even date with the Agreement (the "Security Instrument"), in the amount of $60,000.00 which granted a lien upon the Property and which was recorded on August, 18, 2006, in Deed, Trust, Liber or Official Record Book ("Book") 24836, Page 4931-4939, or as Instrument Number 2006R0901927 in the Register's Recorder's or Clerk's Office for Miami-Dade County, State of Florida (the "Recording State and County").

NOW THEREFORE, in consideration of One Dollar ($1.00) and other good and valuable consideration, the receipt of which is hereby acknowledged, SunTrust confirms for itself, its successors and assigns, that its lien secured by the Property, as described above, and any and all advances made under this loan or line of credit after this date are hereby inferior and subordinate to the lien upon the Property, created by the Deed to Secure Debt, Deed of Trust or Mortgage dated March 30, 2005, and recorded in Book 23342, Page 0186-0201, or as Instrument Number 2005R0456893 in Miami-Dade County, Florida, in favor of American Home Mortgage and any subsequent Modifications/Assignments up to the original principal balance of $218,000.00.

[Signatures appear on the following page]

1



IN WITNESS WHEREOF, the Authorized Agent(s) has hereunto set their hand and seal as of the date set forth above.

Witness: Brian LeBlanc

Witness: Lynn Bell

SunTrust Bank

By: _____
        Melissa Cantrell

As Its: Vice President

STATE OF TENNESSEE)
CITY/COUNTY OF DAVIDSON)                    PROBATE/ACKNOWLEDGMENT

On this 22nd day of May, 2014, before me, the undersigned Notary Public, personally appeared Melissa Cantrell and known to me to be the Vice President, authorized agent for the Lender that executed the within and foregoing instrument and acknowledged said instrument to be the free and voluntary act and deed of the said Lender, duly authorized by the Lender through its board of directors or otherwise, for the uses and purposes therein mentioned, and on oath stated that he or she is authorized to execute this said instrument and that the seal affixed is the corporate seal of said Lender.

By: _____
        Kevin Oatsvall                                          Residing at State of Tennessee

Notary Public in and for the County of Davidson

My commission expires: 3/6/2018

2

## SCHEDULE A

KNOWN AS: 17881 SW 91ST AVE

ALL THAT CERTAIN LAND IN MIAMI-DADE COUNTY, FLORIDA, TO-WIT:

LOT(S) 3, BLOCK 84 OF BEL AIRE, SECTION 17 AS RECORDED IN PLAT BOOK 92, PAGE 88, ET SEQ., OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

SUBJECT TO RESTRICTIONS, RESERVATIONS, EASEMENTS, COVENANTS, OIL, GAS OR MINERAL RIGHTS OF RECORD, IF ANY.